Contracts; changed conditions; subsurface rock conditions; administrative remedies; suspension of work clause; limitation of actions; accrual of came of action; Davis-Bacon Act; classification of workers. — Plaintiff seeks review of adverse administrative decisions on claims arising under three different construction contracts. [Respecting Count I, plaintiff contracted to construct additional sanitary and water supply facilities at Pomme de Terre Reservoir, Missouri, during performance it encountered certain rock formations which could not be removed by backhoe, and plaintiff had to use blasting and jack hammers resulting in additional costs for which it claims an equitable adjustment as a category (1) changed condition. The Board concluded that a category (1) changed condition was not present because the contract documents did not provide affirmative indications of subsurface conditions in the areas for the water and sewerlines where the rock excavations were required. Furthermore, the contractor admitted having knowledge of some area rock formations gained during performance of a previous contract, and thus the conditions were not unknown or unusual as required by the category (2) changed conditions clause. Respecting Count II, plaintiff entered into a fixed-price contract to construct an air conditioned masonry wall VORTAC facility, including related roadway, parking, etc., at Hays Municipal Airport, Kansas. Plaintiff was allowed administratively additional time extensions that permitted remission of liquidated damages, and now seeks (2) review of the Board’s denial (for failure to give timely notice) of a claim for expenses of its job superintendent allegedly incurred because of a change in the starting date of the project; plaintiff also seeks (3) its job foreman’s standby expenses during a delay (denied by the Board because plaintiff failed to prove that the foreman was idle during the period); and also seeks (4) the cost of an electric distribution panel board which it asserts the contract required to be supplied as Government-furnished property. Respecting Count III, this claim involves alleged violations of the Davis-Bacon Act, 40 U.S.C. § 276a, occurring during *893 performance of a lump-sum contract for installation of a high intensity approach lighting system at McConnell Air Force Base, Kansas. The contracting officer issued a decision that the workmen who installed the fiber duct should have been paid electricians’ and not laborers’ wages; plaintiff appealed this decision to the ASBCA which thereupon referred the matter to the Secretary of Labor and he concluded that the proper classification was electricians. Thereafter the Board dismissed the appeal for lack of jurisdiction on the ground that the Labor Secretary’s determination was final and not subject to review. Defendant asserts that this claim is time-barred because the Secretary’s ruling was made more than 6 years before the petition was filed. In a recommended decision filed October 11, 1974 (reported in full at 20 CCF para. 83,406), Trial Judge Kenneth K. Harkins concluded: re Count I, that the Board was correct in denying the claim; as to Count II, claim (2), that plaintiff is entitled to an equitable adjustment because the claim was filed as soon as practicable after the termination of the Government’s interrupting acts; as to Count II, claim (3), that since plaintiff could not establish that this delay resulted in increased costs because it could not show that its foreman in fact was idle plaintiff is not entitled to recover; as to Count II, claim (4), which is concerned only with contract and drawing interpretation, the Board was correct in its conclusion that the panel board was to be furnished by the contractor at no additional cost; as to Count III, that plaintiff’s claim is not barred by the statute of limitations because the Labor Secretary’s ruling was not the final “mandatory administrative determination” contemplated in Nager Electric Co. v. United States, 177 Ct. Cl. 234, 368 F. 2d 847 (1966), and that the Secretary’s classification determination was based on substantial evidence and is final and conclusive. This case came before the court on the parties’ requests for review of the recommended decision on plaintiff’s motion and defendant’s cross-motion for summary judgment, having been submitted on the briefs, without oral argument by counsel. Upon consideration thereof, since the court agrees with the recommended decision, the court by Order dated April 25, 1975 *894 adopted the said decision as the basis for its judgment in this case, and concluded and ordered that plaintiff’s motion for summary judgment is denied as to Counts I and III and as to claims (3) and (4) of Count II, that defendant’s motion for summary judgment as to these Counts and claims is granted, and that the petition is dismissed as to them. The court also ordered with respect to claim (2) of Count II, pursuant to Pub. L. 92-415, 28 U.S.C. § 1491 (Supp. Ill, 1973), and Eules 149 and 150, remand to the Department of Transportation Contract Appeals Board to determine whether the expenses claimed were in fact incurred as a result of the delayed starting date.
On June 19, 1975 the Contract Appeals Board dismissed the appeal with prejudice as settled after the parties reached a negotiated settlement and payment in full was made. On July 10, 1975 the court dismissed with prejudice as settled claim (2) of Count II of the petition.